UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RODNEY M. FORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-325 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| MICHIGAN PAROLE BOARD, ) | |
| WILLIAM SLAUGHTER and ) | |
| MARIANNE SAMPER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because he fails to state a claim.

**Factual Allegations**

Plaintiff currently is incarcerated in the Hiawatha Correctional Facility. He is serving a prison term of three to ten years imposed by the Berrien County Circuit Court on April 12, 1999, after Plaintiff pled guilty to assault with intent to do great bodily harm. In his *pro se* complaint, Plaintiff sues the Michigan Parole Board, former Parole Board Member William Slaughter and Parole Board Member Marianne Samper.

Plaintiff's factual allegations are brief and sketchy. Plaintiff was released on parole on June 28, 2001. On July 28, 2004, while he was still on parole, Plaintiff witnessed a shooting in Benton Harbor. He was taken to the police station, where he gave a statement. Plaintiff contends that he was merely a witness and had no other involvement in the incident. Nevertheless, the Michigan Parole Board revoked his parole. For relief, Plaintiff seeks release from prison, as well as monetary damages of $20,000 for the parole board's "blatant disregard that I had did nothing wrong besides trying to do the right thing when asked by the Proper Authorities of what I had witnessed on July 28, 2004."

**Discussion**

Plaintiff's challenge of his parole revocation constitutes a challenge to the fact or duration of his confinement. *See Dotson v. Wilkinson*, 300 F.3d 661, 665 (6th Cir. 2002) (distinguishing between challenge to the denial of parole and challenge to parole eligibility procedures). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Dotson*, 300 F.3d at 665 ("Clearly, the decision to grant a prisoner parole affects the duration of that prisoner's sentence, and a challenge to the decision is not cognizable under § 1983."); *Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include: (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).  Accordingly, Plaintiff's claims concerning his denial of parole fail to state a claim upon which relief may be granted.

To the extent Plaintiff seeks monetary relief for alleged violations of his constitutional rights, his claims are appropriate under § 1983.  However, claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).  The principles espoused in *Heck* have been applied to § 1983 actions like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid.  *See Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1

(6th Cir. Sept. 24, 1996). Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision. Therefore, Plaintiff fails to present a cognizable federal claim.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  
      June 9, 2005

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE